# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FALICA SOLOMON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-00902-CV-RK |
| KANSAS CITY PUBLIC SCHOOLS, | ) |
| KANSAS CITY PUBLIC SCHOOLS | ) |
| BOARD OF EDUCATION, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 9.) The motion is fully briefed. (Docs. 10, 20, 24.) Oral arguments on the motion were held on January 30, 2020. (Doc. 25.) After careful consideration, the Motion to Remand (Doc. 9) is **GRANTED**.

## Background

Plaintiff originally filed this action in state court alleging violations of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010, *et seq.* (Doc. 1-1.) Plaintiff alleges two counts against Defendant, disability discrimination and retaliation. (*Id.*) According to the petition, Plaintiff is an 18 year-old female, African American, disabled student, who attended Defendant's school district from August 2016 until November 2017. Prior to attending Defendant's school district, Plaintiff had an Individual Education Plan ("IEP"), in which she received medically required homebound instruction due to her disability. When Plaintiff was physically present at her former school, she required and received special seating as part of her IEP. Upon enrolling in Defendant's school district, Plaintiff provided her education record, including her IEP to Defendant. However, once enrolled, Plaintiff alleges Defendant refused to provide Plaintiff an IEP and refused to accommodate Plaintiff's special seating needs. Among other things, Plaintiff additionally alleges she was denied a homebound instructor, was refused assignments on an ongoing basis, was recorded as absent when teachers did not provide assignments, and barred her mother from the school after her mother made complaints. Defendant timely removed the action to this Court, arguing that Plaintiff's claims in reality arose under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1491 ("IDEA"). (Doc. 1.)

1

**Legal Standard**

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction[.]" *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "A defendant may remove an action to federal court if the case falls within the original jurisdiction of the district courts." *Gillespie v. Block Maint. Solutions*, No. 12-947-CV-W-DGK, 2012 U.S. Dist. LEXIS 155153, at *1 (W.D. Mo. Oct. 30, 2012) (citing 28 U.S.C. §1441(a)). If the case is not within the original jurisdiction of the district court, remand is required. *Id.* "Federal district courts have original jurisdiction over civil actions arising under federal law." *Id.*; 28 U.S.C.§ 1331. "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502, 504 (8th Cir. 2001). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

**Discussion**

Defendants argue federal jurisdiction exists because Plaintiff's petition states a cause of action arising under federal law, and, in the alternative, that Plaintiff's petition raises a substantial question of federal law. Both arguments are without merit.

**I.     Plaintiff's Claims do not Arise Under Federal Law**

Defendant first argues Plaintiff's petition arises under federal law because the crux of Plaintiff's complaint is the denial of a free appropriate public education ("FAPE") guaranteed by IDEA. (Doc. 1, p. 5-7) (citing *Fry v. Napoleon Comty. Sch.*, 137 S.Ct. 743, 755 (2017)). In *Fry*, the Supreme Court analyzed how to tell when a plaintiff is seeking relief for the denial of a FAPE under IDEA. *Fry*, 137 U.S. at 755. The Supreme Court stated that what matters is the crux, or gravamen, of a plaintiff's complaint, and that courts should set aside attempts at artful pleading. *Id.* From this, Defendant argues the crux of Plaintiff's petition involves claims arising under the IDEA, and thus, federal jurisdiction exists.

Defendant's argument fails for several reasons. First, *Fry*, in analyzing whether the plaintiff's complaint was seeking relief for the denial of a FAPE, applied 20 U.S.C. § 1415(l). 20 U.S.C. § 1415(l) states,

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

By its plain language, § 1415(l) applies only to federal laws. *See Moore*, 828 F.3d at 693 ("Section 1415(l) does not encompass common or state law claims in its exhaustion realm."); *Evergreen Sch. Dist. v. N.F.*, 393 F. Supp. 2d 1070, 1074 (W.D. Wash. 2005) ("Washington's special education laws and administrative rights of review has concurrent jurisdiction to the Federal IDEA. Plaintiff's deliberate choice to plead only state claims does not warrant the allegation of 'artful pleading.' Accordingly, the well-plead complaint does not give rise to a federal question.") Unlike in *Fry*, and the other cases cited by Defendant, Plaintiff here has alleged only state law claims. As the master of her claim, Plaintiff can avoid federal court by exclusive reliance on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Second, courts within this circuit, and across the county, have remanded state law claims even when the Plaintiff brought claims under IDEA or similar federal laws. *See McCauley v. Francis Howell School District*, No. 4:15-CV-866 NAB, 2016 WL 795804 at *3 (E.D. Mo. Mar. 1, 2016) (declining to exercise supplemental jurisdiction over plaintiff's MHRA claims); *Payne v. Norfork Sch. Dist.*, No. 3:18-CV-3072, 2019 WL 4131084, at *4 (W.D. Ark. Aug. 29, 2019) (same); *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1148 (E.D. Cal. 2009) (same); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (declining to exercise supplemental jurisdiction where the state law claims included claims under the New York State Human Rights Law, Civil Rights Law, and Education Law); *Eads ex rel. Eads v. Unified Sch. Dist. No. 289*, Franklin Cty., Kan., 184 F. Supp. 2d 1122, 1137 (D. Kan. 2002) (declining to exercise supplemental jurisdiction). "Outside the area of complete preemption (which does not apply in the IDEA context), . . . 'the existence of a federal issue' in a complaint that relies on state law is 'rarely' sufficient to allow removal of a state complaint to federal court." *Miksis v. Evanston Twp.*

3

*High Sch. Dist. # 202*, 235 F. Supp. 3d 960, 982 (N.D. Ill. 2017). Unlike the cases cited above, Plaintiff here did not even allege other federal law claims.

Third, Defendant has not cited any controlling or persuasive case in which a plaintiff alleged solely state law claims, the defendant removed it to federal court on the basis of IDEA, and the federal court retained jurisdiction. Defendant cites to *Miksis*, 235 F. Supp. 3d 960, 977 (N.D. Ill. 2017), to support its argument for removal. In *Miksis*, the plaintiffs alleged a state-law claim for breach of contract. *Id.* The contract that was allegedly breached was a settlement agreement the parties had agreed to in order to resolve a previous lawsuit arising under IDEA. *Id.* The defendant in *Miksis* argued jurisdiction was proper because of "the interrelationship between the Settlement Agreement and the IDEA" and that "in order to determine whether Plaintiffs are entitled to the relief they seek, the Court must interpret and apply principles from the IDEA." *Id.* (quotation omitted). The court in *Miksis* held federal jurisdiction existed based on supplemental jurisdiction under 28 U.S.C. § 1367(a).

*Miksis* is distinguishable for several reasons. Unlike in this case, which alleges state-law claims wholly independent of IDEA, the plaintiffs in *Miksis* alleged a claim for breach of a settlement agreement arising out of a lawsuit under IDEA. *Id.* at 968-71. The defendant in *Miksis* was therefore right when they argued the court would be required to apply and interpret principles from IDEA to determine if the plaintiffs were entitled to relief. *Id.* at 977. Here, however, the court will apply the MHRA; interpretation and application of the IDEA will be unnecessary. Further, unlike the Plaintiff here, the plaintiffs in *Miksis* did not oppose removal. *Id.* Finally, the court in *Miksis* declined to find federal jurisdiction based on breach of an agreement to settle a federal claim, federal question jurisdiction based on IDEA, or federal question jurisdiction based on an embedded issue of federal law. *Id.* at 978-82. Instead, the court found jurisdiction based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because the court found the plaintiffs invoked their federal rights under IDEA. *Id.* at 983. The court reasoned the plaintiffs invoked their federal rights by alleging defendant had a legal duty under IDEA to provide a free appropriate education and breached that duty by failing to comply with the agreed to transition plan and settlement. *Id.* at 983. In this case, Plaintiff has not invoked her federal rights. Therefore, because the Court finds Plaintiff's claims do not arise under any federal law and Defendant has failed to meet its burden, the case will be remanded. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d at 183 (all doubts must be resolved in favor of remand).

4

## II. Plaintiff's Claims do not Raise Substantial Issues of Federal Law

Even if federal law does not create the cause of action, federal jurisdiction may still exist if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "This rule applies only to a 'special and small category' of cases that present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases.'" *Great Lakes Gas Transmission Limited Partnership v. Essar Steel Minnesota LLC*, 843 F.3d 325, 331 (8th Cir. 2016) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699–700 (2006)). All of the *Grable* requirements must be met in order for *Grable* federal-question jurisdiction to exist. *See Grable & Sons Metal Prods., Inc.*, 545 U.S. at 318; *Great Lakes Gas Transmission Limited Partnership*, 843 F.3d at 333.

Here, even if Plaintiff's petition necessarily raises a stated federal issue and that issue is actually disputed, the Court finds the issue to not be substantial. Under *Grable*, in evaluating substantiality, courts consider "the importance of the issue to the federal system as a whole." *Gunn v. Minton*, 568 U.S. 251, 260 (2013). The federal issue in this case, if any, does not concern whether the federal government will have access to a federal forum, risk the uniform development of federal law, or place the constitutionality of a congressional act in question. *Wood Servs., Inc. v. Hazelton Area Sch. Dist.*, No. 3:15-CV-02464, 2016 WL 6216122, at *6 (M.D. Pa. Oct. 25, 2016) (citing *MHA LLC v. Healthfirst, Inc.*, 629 Fed.Appx. 409, 414 (3rd Cir. 2015)); *see also Bald Knob Sch. Dist. v. Hannah*, No. 4:05-CV-00941 GTE, 2005 WL 8164296, at *3 (E.D. Ark. Oct. 24, 2005) (finding federal jurisdiction did not exist when Plaintiff pleaded a cause of action for state-law conversion even though it involved issues of reimbursement under IDEA). Further, several cases across the country have found the substantiality requirement lacking when the Plaintiff only alleges state law claims even though IDEA was in some way implicated. *Bald Knob Sch. Dist.*, 2005 WL 8164296, at *3 (state-law conversion claim did not raise a disputed and substantial federal issue); *Wood Servs., Inc.*, 2016 WL 6216122, at *6 ("Although the IDEA might assist a court in deciding which party is responsible in this dispute, nothing suggests that the federal system as a whole is to be affected by the outcome of this case." (quotation omitted)); *Phillips v. Town of Hebron*, No. 16-CV-1726 (MPS), 2017 WL 3387133, at *3 (D. Conn. Aug. 7, 2017) ("[E]ven if the complaint's reliance on the IDEA raises a disputed federal question, it does not

raise a substantial one or one capable of resolution in federal court without disrupting the federal-state balance approved by Congress.") (quotation omitted). Therefore, the Court finds the federal issue, if any, does not satisfy the substantiality requirement to establish *Grable* federal-question jurisdiction.

In arguing Plaintiff's petition raises a substantial federal question, Defendant cites *Rosenfeld v. North Kingstown Sch. Dept.*, C.A. No. 13-222S, 2013 WL 4042658, at *4 (D.R.I. Apr. 30, 2013). *Rosenfeld* is distinguishable for several reasons. One, in *Rosenfeld*, unlike in the present case, plaintiffs were suing to enforce a "stay-put" order "procured through an administrative procedure created by state law for the purpose of enforcing federal education law." *Id.* at *1. The "stay-put" requirement, not an issue in this case, is a critical component of substantive federal law. *Id.* at * 5. Two, the petition in *Rosenfeld* specifically invoked IDEA. *Id.* at *7. In the present case however, Plaintiff never specifically invokes IDEA or any other federal law. Three, *Rosenfeld* is inconsistent with the cases cited above finding federal jurisdiction to be lacking when Plaintiff pleaded only state-law claims. *See also Kalbfleisch ex rel. Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1088 (S.D. Ill. 2009) (Where the Plaintiff pleaded only state-law causes of action, the court noted "[i]t seems very likely that the only way the IDEA will enter into this case, if at all, is by way of a defense . . . . [A] defense based on federal law cannot confer federal question jurisdiction."). Therefore, Plaintiff's claims do not raise substantial issues of federal law and the Court finds federal jurisdiction is lacking.

## III. Attorney's Fees Are Not Warranted

Plaintiff has requested the Court award attorney's fees and costs. (Doc. 10.) Pursuant to 28 U.S.C. § 1447(c), the Court may award attorney's fees and costs when the removing party "lacked an objectively reasonable basis for seeking removal." *Moore*, 828 F.3d at 694 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). The petition's references to Plaintiff's IEP and refusal to accommodate Plaintiff's special education needs provided a reasonable argument the case presented a federal question under IDEA. *Id.* Defendant was not without a reasonable basis to remove the action. As such, Plaintiff's request for attorney's fees is denied.

## Conclusion

Accordingly, and after careful consideration, the Motion to Remand (Doc. 9) is **GRANTED**. The case is **REMANDED** to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

                                        s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: February 27, 2020